**UNITED STATES of America,**
**Appellant**

v.

**Glenn Theron ROSS, Jr.**

No. 08–4604.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
L.A.R. 34.1(a) Oct. 27, 2009.

Filed: Nov. 6, 2009.

Rebecca R. Haywood, Esq., Office of the United States Attorney, Pittsburgh, PA, for United States of America.

Thomas W. Patton, Esq., Office of Federal Public Defender, Erie, PA, for Glenn Theron ROSS, Jr.

Before: SMITH, FISHER, and STAPLETON, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

Glenn Theron Ross, Jr., pleaded guilty in the United States District Court for the Western District of Pennsylvania to being a convicted felon in possession of three firearms in violation of 18 U.S.C. § 922(g)(1), and to possession with the intent to distribute and distribution of less than fifty (50) kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). The probation officer who prepared the pre-sentence report (PSR) calculated an offense level of 23 and a criminal history category of II, yielding an advisory guideline range of imprisonment of 51 to 63 months. Prior to sentencing, Ross urged the District Court to grant a downward departure or a variance from the advisory guideline range because his offenses were "not serious." He asserted that the shotgun found in his living room belonged to his son and that the two handguns found in his closet belonged to a friend who had left them at Ross's house after target shooting on Ross's property. He also submitted that the quantity of marijuana was minimal, weighing 312.4 grams, and that a portion of this could not be distributed as it was "smoked roaches, seeds and stems." In addition, he cited his continuing medical treatment for a crushing injury to his right foot as a basis for a below guidelines sentence.

At sentencing, the District Court adopted the guideline range of 53 to 61 months. In response, Ross urged the District Court to grant a variance below the advisory guideline range. Ross and his son testified about the ownership of the firearms. Ross also described the medical status of his crushed foot. The District Court found Ross's argument persuasive. It determined that the shotgun belonged to Ross's son, and found Ross's testimony about the handguns having been left behind by another individual to be credible. In addition, the Court specifically noted the serious condition of Ross's injured foot. It granted a variance from the advisory guideline range of 51 to 63 months, imposing a sentence on each count of five years probation, with twelve months of home detention, to be served concurrently. The Government filed this timely appeal.[1]

The Government contends that the District Court committed procedural error in sentencing Ross. According to the Government, the District Court erred because it did not address the arguments the Government made in support of a sentence of imprisonment, and because it made only a rote reference to the factors set forth in 18 U.S.C. § 3553(a).

We review a claim that a district court committed procedural error in sentencing under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir.2009) (en banc). After careful review of the record before us, we find no abuse of discretion.

The Government offered arguments in support of a sentence of imprisonment in response to Ross's arguments in favor of a substantial variance. After listening to the presentations by both parties, the District Court made findings regarding the nature and circumstances of both the fire-

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise appellate juris- diction pursuant to 18 U.S.C. § 3742(b).

arms and the drug offenses, as well as Ross's history and characteristics, including his medical status. The Court acknowledged the advisory guideline range, but determined that a sentence of incarceration was not warranted. This, in our view, demonstrates that the District Court considered the Government's arguments, but ultimately was not swayed by them.

We also reject the Government's contention that the District Court made only a rote reference to the § 3553(a) factors. It is true that the District Court did not specifically cite or articulate findings for each factor. Nonetheless, the record demonstrates that the District Court sufficiently considered the pertinent § 3553(a) factors by weighing the particular facts of the case before it. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir.2006).

Accordingly, we will affirm the judgment of the District Court.